JUSTICE GRAY
concurring in part and dissenting in part.
I concur in the majority opinion insofar as it analyzes the withdrawal of appellant’s plea of guilty to the forgery charge. I respectfully dissent from that opinion, however, on the issue of withdrawal of appellant’s guilty plea to the charge of issuing a bad check.
The majority notes Reynolds’ argument that the District Court’s interrogation at the time of entry of the plea was inadequate; it also notes his claim that “the factual basis for one of his guilty pleas [to the charge of issuing a bad check] was not sufficiently established in the record.” Having so noted, the majority never addresses this contention. It is my view that Reynolds is correct and that no factual basis for the intent element of the offense of issuing a bad check was established at the time the District Court accepted the plea to that charge.
The record contains the following exchange between the court and Reynolds with regard to the factual basis for the intent element:
THE COURT: And I take it that during that period of time, last June till this January, you were writing a lot of checks?
CHARLES LEE REYNOLDS: Yes, sir.
THE COURT: And the bank didn’t cover a number of those checks; is that right?
CHARLES LEE REYNOLDS: Yes, sir.
THE COURT: And you knew at the time that you were short of funds in the account?
CHARLES LEE REYNOLDS: Well, I was making deposits, yeah — it wasn’t clear at the time. I was confused and mixed up and emotionally hurt and I was drinking a lot and gambling a lot to try to pass time.
THE COURT: Whatever deposits you were making, they weren’t enough to —
CHARLES LEE REYNOLDS: No, sir.
*394 THE COURT: — to cover these checks. Where were you making them to, mostly in the bars and casinos?
CHARLES LEE REYNOLDS: Yes.
It is clear that the District Court attempted to establish that Reynolds knew at the time he wrote the checks that his deposits were insufficient to cover those checks. It is my view, however, that Reynolds’ testimony was that he was confused, upset and often under the influence of alcohol during the time period at issue. He responded that, as a matter of fact, the deposits he made were not enough to cover the checks. This is not a statement that he knew or intended at the time that the checks would not be covered. Indeed, the record contains no clear statement that Reynolds knew at the time he was writing the checks that there were not sufficient funds in his account to cover the checks. For that reason, I conclude that sufficient factual basis for the intent element of the offense of issuing a bad check is not contained in the record. Therefore, I would hold that the District Court abused its discretion in denying Reynolds’ motion to withdraw his guilty plea to that charge.